UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Western Division
Docket No. 5:03-CR-197-1H

| | | |
|---|---|---|
| United States Of America | ) | |
| | ) | **JUDGMENT** |
| vs. | ) | |
| | ) | |
| Levert Marvin Clarke | ) | |

On this the 22nd day of January, 2008, comes Eddie J. Smith, U.S. Probation Officer, in open court at Greenville, North Carolina, who shows the court that Levert Marvin Clarke appeared before the Honorable Malcolm J. Howard, Senior U.S. District Judge, with counsel on May 4, 2004, and upon a plea of guilty to 18 U.S.C. §371, Conspiracy to Commit Fraud and Related Activity in Connection With Identification Documents and Information, 18 U.S.C. 1343, Wire Fraud, and 18 U.S.C. §1028(a)(7) and 2, Fraud in Connection With Identification Information and Aiding and Abetting, was sentenced to the custody of the Bureau of Prisons for a term of 50 months. Additionally, it was ordered by the court that the defendant be placed on supervised release for 60 months upon release from imprisonment. On October 21, 2004, as a result of a downward departure, the court amended the sentence to 24 months in the custody of the Bureau of Prisons. Levert Marvin Clarke was released from custody and the term of supervised release commenced on January 21, 2005.

From evidence presented, the court finds as a fact that Levert Marvin Clarke, who is appearing before the court with counsel, has violated the terms and conditions of the judgment as follows:

1. The offender has absconded from supervision.
2. Failure to pay a monetary obligation.
3. Failure to report to the probation officer as directed by the court or probation officer.
4. Failure to work regularly at a lawful occupation.
5. Criminal conduct.
6. Criminal conduct.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the supervised release term heretofore granted be revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 12 months and 1 day.

**IT IS FURTHER ORDERED** that the balance of the financial imposition originally imposed be due in full immediately.

**IT IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Judgment and same shall serve as the commitment herein.

This the 22nd day of January, 2008.

Malcolm J. Howard
Senior U.S. District Judge

Case 7:07-cr-00079-D    Document 34    Filed 01/30/08    Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-79-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RYAN OSHAY LEE, | ) | |
| | ) | |
| Defendant. | ) | |

On January 29, 2008, the court convened a sentencing hearing in the above-captioned matter. At the hearing, defendant's then-current counsel moved to withdraw and to continue the sentencing hearing, stating that defendant no longer desired his services and sought new counsel. The court questioned defendant, who reiterated his request to discharge his current counsel and to have new counsel appointed. As stated in open court, the court grants the motion to withdraw and the motion to continue. The court, however, warned defendant that new counsel would be his third lawyer and that this court would not permit defendant to delay his sentencing by continually seeking to terminate counsel. See United States v. Attar, 38 F.3d 727, 735 (4th Cir. 1994); cf. United States v. Mullen, 32 F.3d 891, 897 (4th Cir. 1994). The United States Federal Public Defender's Office is hereby ordered to appoint new counsel for defendant. This matter will be set for sentencing at the April 21, 2008 term of court. Sentencing will take place at that term of court.

Additionally, pursuant to Federal Rule of Criminal Procedure 32(h), this court provides notice to defendant and his new counsel that it is contemplating an upward departure from the advisory guideline range calculated in the Presentence Investigation Report in this case. See United States v. Dalton, 477 F.3d 195, 197 (4th Cir. 2007); United States v. Davenport, 445 F.3d 366, 371 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 432–37 (4th Cir. 2006). The grounds for

this possible upward departure are that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. See U.S. Sentencing Guidelines Manual § 4A1.3(a) (2007) [hereinafter "U.S.S.G."]; United States v. Cash, 983 F.2d 558, 561–63 (4th Cir. 1992); United States v. Wilson, 913 F.2d 136, 138–39 (4th Cir. 1990). The Guidelines recognize the ability to depart upward from a Criminal History Category VI. See U.S.S.G. § 4A1.3(a)(4)(B); id. cmt. n.2(B) & background; United States v. Locklear, 182 F. App'x 277, 278–79 (4th Cir. 2006) (per curiam) (unpublished); United States v. Louthian, 182 F. App'x 154, 155–56 (4th Cir. 2006) (per curiam) (unpublished); United States v. Hawkins, 149 F. App'x 184, 186–87 (4th Cir. 2005) (per curiam) (unpublished); accord United States v. Rouilland, 474 F.3d 551, 555–56 (8th Cir. 2007).

The court also provides notice that it is contemplating a variance above the advisory guideline range established at sentencing. Such a variance would be designed to ensure that the court imposes a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in [the sentencing statute]." 18 U.S.C. § 3553(a). These purposes include a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2)(A)–(C). Of course, the court intends to consider, as appropriate, all of the factors and purposes set forth in 18 U.S.C. § 3553(a).

SO ORDERED. This 30 day of January 2008.

JAMES C. DEVER III
United States District Judge