IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-79-D
No. 7:11-CV-177-D

| | | |
|---|---|---|
| RYAN OSHAY LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On August 22, 2011, Ryan Oshay Lee ("Lee") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 66]. On September 20, 2011, Lee filed a corrected section 2255 motion [D.E. 69]. On October 14, 2011, the government moved to dismiss Lee's section 2255 motion [D.E. 71]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Lee about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 73]. Lee responded on October 21, 2011 [D.E. 74]. On April 15, 2013, and September 18, 2013, Lee filed memoranda in support of his section 2255 motion [D.E. 75, 79]. As explained below, the court grants the government's motion to dismiss.

On August 28, 2007, Lee pleaded guilty, pursuant to a plea agreement [D.E. 18], to count one of an indictment that charged Lee with possessing with intent to distribute 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) [D.E. 1, 17, 59]. On January 30, 2008, pursuant to Federal Rule of Criminal Procedure 32(h), the court notified Lee that it was considering departing upward based on a finding that Lee's criminal history category substantially underrepresented the seriousness of Lee's criminal history or his likelihood to reoffend [D.E. 34].

See U.S.S.G. § 4A1.3(a). On April 23, 2008, the court held a sentencing hearing and calculated Lee's advisory guideline range to be 188 to 235 months. [D.E. 57] 23. The court then considered the arguments of counsel regarding Lee's criminal history and recidivism risk, departed upward from criminal history category VI by moving to a higher offense level of 35, and set a new advisory guideline range of 292 to 365 months. Id. 24–58. After considering the entire record and all of the factors under 18 U.S.C. § 3553(a), the court sentenced Lee to 336 months' imprisonment. Id. 61–64. The court also issued a detailed order explaining Lee's sentence. See [D.E. 42]. Lee appealed [D.E. 43]. On October 15, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Lee's conviction and sentence. United States v. Lee, 397 F. App'x 889, 892 (4th Cir. 2010) (per curiam) (unpublished). The mandate issued on November 8, 2010. See [D.E. 65]. Lee did not seek a writ of certiorari, and his conviction became final on February 7, 2011. See Sup. Ct. R. 13; Clay v. United States, 537 U.S. 522, 527–28, 532 (2003).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (internal quotation mark omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor

2

Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In his section 2255 motion, Lee asserts that (1) the court improperly denied the appointment of new counsel for Lee at sentencing, [D.E. 69] 4; (2) the court erred in departing upward, id. 7; and (3) he received ineffective assistance of counsel at sentencing. Id. 5.

As for Lee's first two claims, the Fourth Circuit rejected these claims on direct appeal and affirmed Lee's conviction and sentence. See Lee, 397 F. App'x at 890–92. Lee cannot relitigate claims that were rejected on appeal. See United States v. Dyess, No. 11-7335, 2013 WL 5071770, at *3 (4th Cir. Sept. 16, 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

As for Lee's claim that he received ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (internal quotation marks omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient

3

performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Lee asserts that he received ineffective assistance of counsel at sentencing and alleges that the counsel "appointed to me lacked communication with me before sentencing" and that Lee "was not briefed on what [his] lawyer . . . was even going to say to the judge." [D.E. 69] 5. The record belies this claim. At Lee's sentencing hearing, the court and the parties discussed Lee's motion for new counsel. See [D.E. 57] 3–19. In particular, Lee requested new counsel because he had met with counsel once before the sentencing hearing and then again immediately before the sentencing hearing, and was concerned that he had not received any documents in discovery. Id. 3–4. Counsel, who was appointed after Lee pleaded guilty and after Lee requested and received a new lawyer for sentencing, responded that he had thoroughly reviewed the record in Lee's case, including the discovery, had pursued opportunities for Lee to cooperate with the government, and was "as prepared as anybody could be in this case." Id. 4–11. The Assistant United States Attorney indicated that he had "spoken to [counsel] at length about this case" and found counsel to "be very informative" and "have a firm grasp" of the case. Id. 15–16. The court found that counsel was

4

adequately prepared, denied the motion for new counsel, and granted a recess so that Lee could review the discovery and further discuss his case with counsel. Id. 18–19. After the recess, counsel reported that he had discussed the case with Lee and was fully prepared for the sentencing hearing. Id. 19. Counsel discussed the only objection Lee wished to make to the presentence investigation report ("PSR"). Id. 21–23. Counsel then spoke at length about the sentencing factors under 18 U.S.C. § 3553(a), including Lee's difficult personal history. Id. 28–37, 39–42, 44–47, 58–61. Thus, the record shows that counsel communicated sufficiently with Lee to prepare an adequate defense. Lee fails to plausibly allege any deficient performance by counsel or any resulting prejudice. Accordingly, Lee's ineffective assistance of counsel claim fails.

In his April 15, 2013 memorandum, Lee asserts that he was improperly sentenced as a career offender and cites United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 75]. Lee's Simmons claim is untimely. See 28 U.S.C. § 2255(f)(1)–(4). In any event, Simmons does not help Lee. Lee had three prior convictions for controlled substance offenses that were scored separately under U.S.S.G. § 4A1.1(c) and for which he actually received sentences exceeding one year. See PSR ¶¶ 26, 28, 34. Thus, he was properly sentenced as a career offender. See U.S.S.G. §§ 4B1.1, 4B1.2.

In his September 18, 2013 memorandum, Lee asserts that the convictions in PSR paragraphs 26, 28, and 34 were improperly treated as separate felony convictions in applying the career offender guidelines and cites United States v. Davis, 720 F.3d 215 (4th Cir. 2013). In Davis, the Fourth Circuit held that "where a defendant receives a 'consolidated sentence' . . . under North Carolina law, it is one sentence and absent another qualifying sentence, the [career offender] enhancement is inapplicable." 702 F.3d at 219. Lee's claim fails because Davis announced a purely procedural rule that is not retroactive on collateral review. See Whorton v. Bockting, 549 U.S. 406, 416–17 (2007)

5

(discussing analytic framework for deciding whether to apply an appellate decision retroactively to judgments in criminal cases that are already final on direct review); Miller v. United States, No. 13-6254, 2013 WL 4441547, at *4–5 (4th Cir. Aug. 21, 2013); Hawkins v. United States, 724 F.3d 915, 917–18 (7th Cir. 2013) ("[C]ases reinterpreting the advisory guidelines . . . don't have retroactive application . . . ."); United States v. Powell, 691 F.3d 554, 557–58 (4th Cir. 2012).

Furthermore, Lee's claim that the court erred in applying the career offender guidelines under Simmons and Davis does not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255 because the sentence imposed does not exceed the statutory maximum. See, e.g., 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Accordingly, this claim fails.

After reviewing the claims presented in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Lee's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 71] and DENIES Lee's motions to vacate, set aside, or correct his sentence [D.E. 66, 69]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 8 day of October 2013.

JAMES C. DEVER III
Chief United States District Judge