IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-79-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RYAN OSHAY LEE, | ) | |
| | ) | |
| Defendant. | ) | |

On October 21, 2019, Ryan Oshay Lee ("Lee" or "defendant") moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 106]. On January 21, 2020, through counsel, Lee filed a memorandum in support and an exhibit [D.E. 111]. On February 4, 2020, the government responded in opposition [D.E. 113]. The same day, Lee replied [D.E. 114]. On February 6, 2020, Probation filed a modification to the Presentence Investigation Report ("PSR") [D.E. 115]. The same day, Lee objected to the modification [D.E. 116] and filed memorandum in support of his motion [D.E. 117]. On May 3, 2021, the court ordered supplemental briefing. See [D.E. 120]. On May 10, 2021, Lee and the government filed supplemental briefs. See [D.E. 122, 124]. As explained below, the court grants Lee's motions for sentence reduction.

I.

On August 28, 2007, pursuant to a written plea agreement, Lee pleaded guilty to possession with the intent to distribute more than five grams of cocaine base (crack). See [D.E. 1, 17, 18]. On April 23, 2008, the court held Lee's sentencing hearing and adopted the facts as set forth in the PSR. See [D.E. 40, 41, 57]. The court calculated Lee's total offense level to be 31, his criminal history

category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See [D.E. 57] 23. After upwardly departing under U.S.S.G. § 4A1.3, establishing a new advisory guideline range, and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lee to 336 months' imprisonment. See id. at 24–67; [D.E. 41] 2. Lee appealed [D.E. 43]. On October 15, 2010, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Lee, 397 F. App'x 889, 892 (4th Cir. 2010) (per curiam) (unpublished); [D.E. 63].

On August 22, 2011, Lee moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 66]. On September 20, 2011, Lee filed a corrected motion [D.E. 69]. On October 8, 2013, the court dismissed Lee's motion and denied a certificate of appealability [D.E. 82, 83].

On October 14, 2013, Lee moved for sentence reduction pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendments 750 and 759 [D.E. 84]. On April 8, 2014, the court denied Lee's motion [D.E. 88]. Lee appealed [D.E. 89]. On September 29, 2014, the Fourth Circuit affirmed the court's denial. See United States v. Lee, 583 F. App'x 275, 276 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 95, 96].

Lee moves for sentence reduction under section 404 of the First Step Act. On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

2

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Lancaster, 997 F.3d at 174–76; Collington, 995 F.3d at 357; Chambers, 956

3

F.3d at 671–72. "Nothing in ... section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished); but cf. Collington, 995 F.3d at 356–58 (district court must reduce sentence to comply with any new statutory maximum sentence).

Lee's August 2007 conviction for possession with the intent to distribute more than five grams of cocaine base (crack) is a covered offense under section 404(a) of the First Step Act because this conviction is an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Thus, Lee is eligible for sentence reduction.

Lee's new statutory maximum is 240 months' imprisonment. See [D.E. 115] 1. Lee's new advisory guideline range with the same upward departure is 130 to 162 months' imprisonment. See [D.E. 122] 4; [D.E. 124] 8. The court has completely reviewed the entire record, the parties' arguments, the statutory maximum, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Lee's conduct, Lee engaged in

4

serious criminal conduct in 2007. See PSR ¶¶ 4–8. Lee is accountable for 145.77 grams of cocaine base (crack). See id. Lee also was a violent, high-ranking gang member.

Lee is a violent recidivist who began a life of crime at age 16, with convictions for resisting a public officer (three counts), flee to elude arrest with a motor vehicle, possession of a stolen motor vehicle, hit and run and failure to stop for personal injury, second degree trespass (thirteen counts), possession of stolen goods or property, possession with intent to sell and deliver cocaine (three counts), possession with intent to manufacture, sell, and deliver a Schedule I controlled substance, possession with intent to manufacture, sell, and deliver marijuana, operate vehicle with no insurance, assault on a government official (three counts), possession of a firearm by a felon, and possession of cocaine. See id. ¶¶ 10–36; [D.E. 57] 24–67. Lee also has performed poorly while on supervision. See PSR ¶¶ 10–36. Although Lee has taken some positive steps while incarcerated on his federal sentence, he has sustained numerous serious disciplinary infractions, including for possessing hazardous tool – razor blade, fighting with another person (five counts), destroying property $100 or less (two counts), refusing to obey an order (four counts), possessing a dangerous weapon (two counts), mail abuse (three counts), failing to stand count, possessing drugs/alcohol – alcohol, being absent from assignment, possessing a dangerous weapon – homemade weapon, refusing work/program assignment (two counts), being insolent to staff (two counts), assaulting without serious injury, and possessing drugs/alcohol – narcotics. See [D.E. 115] 2; [D.E. 122-3, 122-4, 122-5, 122-6]; [D.E. 124] 9; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). In light of Lee's serious criminal conduct, abysmal criminal record, poor performance on supervision, serious misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate

5

Lee, the court reduces Lee's sentence to 240 months' imprisonment and five years' supervised release, but declines to reduce Lee's sentence any further. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; High, 997 F.3d at 185–86; Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. Lee remains a dangerous and violent man.

In reaching this decision, the court has considered the entire record, Lee's arguments, the government's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Lee's sentence beyond 240 months' imprisonment and five years' supervised release in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

III.

In sum, the court GRANTS Lee's motions for reduction of sentence and REDUCES his sentence to 240 months' imprisonment and five years' supervised release [D.E. 106, 111].

SO ORDERED. This 30 day of June 2021.

JAMES C. DEVER III
United States District Judge